## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRYAN S. GARRETT, Inmate #01882-025,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-266-JPG** |
| ) | |
| **THE UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This action comes before the Court on Petitioner's motion for a petition for writ of error coram nobis, pursuant to 28 U.S.C. § 1651 (Doc. 1). In April 2001, a jury found Petitioner guilty of conspiracy to manufacture methamphetamine (Count 1), of being a felon in possession of a firearm (Count 2), of possession of materials used to manufacture methamphetamine (Count 3), and of maintaining a place to manufacture methamphetamine (Count 4). At sentencing in July 2001, the Court found Petitioner to be a career offender under U.S.S.G. § 4B1.1, because of a prior drug conviction. He was sentenced to 432 months on Count 1, 120 months on Count 2, and 240 months on each of Counts 3 and 4, all to run concurrently. The sentence was affirmed on appeal. *See United States v. Anderson*, 288 F.3d 335 (7th Cir.), *cert. denied*, 536 U.S. 971 (2002). In June 2003, Petitioner filed a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel. The Court denied the motion in July 2004 and the Court of Appeals denied a certificate of appealability.

In the instant action, Petitioner challenges the Court's career-offender determination under

U.S.S.G. § 4B1.1.

Writs of error coram nobis "are limited to former prisoners who seek to escape the collateral civil consequences of wrongful conviction." *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000). A petitioner still in federal custody must rely upon 28 U.S.C. § 2255 to challenge his conviction or sentence and cannot use the writ of error coram nobis to escape the procedural restrictions imposed by section 2255. *Id.*

Because Petitioner has already moved for relief pursuant to section 2255, this attempt to challenge his sentence, even though entitled a petition for a writ of error coram nobis, is an impermissible second or successive 2255 petition. A petitioner may seek further review of his conviction and sentence only with certification from the Seventh Circuit Court of Appeals. *See* 28 U.S.C. §2255, ¶ 8; *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). There is nothing in the record to establish that Petitioner has sought and obtained a certification from the Seventh Circuit Court of Appeals. Therefore, the Court does not have jurisdiction to consider the petition and **DISMISSES** it for **lack of jurisdiction**.

**IT IS SO ORDERED.**

**Dated: April 7, 2006**

                                                     **s/ J. Phil Gilbert**
                                                     **U. S. District Judge**